**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-0525-21

☒ Lawsuit
☐ Divorce

Ad Damnum $ 118,527.38

| Plaintiff(s) | VS | Defendant(s) |
|---|---|---|
| BELLSOUTH TELECOMMUNICATIONS, INC. D/B/A AT&T(TN) | | DEMENT CONSTRUCTION COMPANY, INC.<br><br>SHELBY COUNTY SHERIFF'S OFFICE<br>201 POPLAR AVENUE<br>MEMPHIS, TN 38103 |

TO: (Name and Address of Defendant (One defendant per summons))

DEMENT CONSTRUCTION COMPANY, INC. C/O REGISTERED AGENT JAMES B. SUMMERS 80 MONROE AVENUE SUITE 650 MEMPHIS TN 38103

Method of Service:
☐ Certified Mail
☒ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☐ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on MARK B REAGAN  Plaintiff's attorney, whose address is 7872 HWY 100 NASHVILLE, TN 37221

telephone 615-544-0455   within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TESTED AND ISSUED 2/5/21

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

By _____, D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

Exhibit A

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __1st__ day of __March__, 20__21__ at __9:50__ __A__. M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

__Kathy Stocks, Assistant to James B. Summers Esq.__    By: __C Nelson 0705__

Signature of person accepting service    Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT FOR SHELBY COUNTY TENNESSEE

Bellsouth Telecommunications, Inc. )
d/b/a AT&T (TN) )
) Case No. CT-0525-21
Plaintiff ) Div. 4
)
Vs. )
) FILED
DEMENT CONSTRUCTION ) FEB 05 2021
COMPANY, LLC )
CIRCUIT COURT CLERK
Defendant BY _____ D.C.

## COMPLAINT FOR DAMAGES

Now comes the plaintiff, BellSouth Telecommunications, Inc, d/b/a ATT TN hereinafter (AT&T) through counsel and for its complaint against the defendant Dement Construction Company, LLC and respectfully submits the following complaint for damages to AT&T's utility facilities located at 2080 East Brooks Road Memphis, TN.

## THE PARTIES

AT&T is a Georgia corporation qualified to conduct business in the State of Tennessee. It is an incumbent local exchange telephone company as defined by T.C.A. 65-4-101(d) providing telecommunication, data and internet services throughout the state of Tennessee.

Defendant Dement Construction Company, LLC is a Tennessee Limited Liability Company whose principal place of business is 96 Smith Lane in Jackson Tennessee. It may be served with process through its registered agent at Allen, Summers, Simpson, Lilliie & Gresham PLLC at 80 Monroe Avenue Suite 650 Memphis, Tennessee 38103.

## JURISDICTION AND VENUE

This court has jurisdiction over the Defendant in that Defendant is a Tennessee entity. Venue is appropriate because the events giving rise to AT&T's complaint occurred in Shelby County, TN.

## FACTUAL BACKGROUND

AT&T maintains buried utility facilities located at 2080 East Brooks road in Memphis, Tennessee. On or about September 21st, 2018, Defendant was excavating in this area as defined by TCA 65-31-101. Defendant did not request the location of any buried utility facilities that might be affected by its excavation in violation of TCA 65-31-101. During the course of its excavation, Defendant struck and damaged AT&T' utility facilities causing damage and adversely affecting business and residential customers that AT&T is obligated to serve in accordance with the regulations and tariffs imposed by state and federal law. AT&T, at its own expense was required to repair the damaged facilities and restore service to its affected customers at a cost of $118,527.38. (see attached affidavit).

## NEGLIGENCE PER SE

1. The defendant was negligent per se in that it failed to:

(a) Call for the location of any buried utility facilities prior to commencing excavations in violation of TCA 65-31-101 et seq.

(b) Plan the excavation or demolition in order to avoid damage to and minimize interference with the underground utilities in and near the construction area.

(c) Maintain a clearance between the underground utility and the cutting edge or point of the mechanized equipment in accordance with TCA 65-31-108 (c).

(d) Ascertain for itself the exact depth of AT&T's cable as required by TCA 65-31-108 (f).

(e) Provide support and protection for underground utilities in and near the construction area, including during backfill operations as may have been necessary for the protection of plaintiff's utilities in accordance with TCA 65-31-101 et seq.

The defendant statutory violations constitute negligence per se and where the direct and proximate cause of AT&T's damages.

2. As a result of the defendant's negligence, utility facilities owned and operated by AT&T were seriously damaged. Telephone service to residents and businesses in the area that AT&T is legally obligated to provide under the regulations and tariffs of the Tennessee regulatory authority was disrupted, leaving residential and business customers without telephone service and thereby adversely affecting the revenues and service of AT&T and its customers.

7. AT&T, at its own expense, subsequently repaired the utility facility damaged by defendant and restored service to its affected residential and business customers at a cost of $118,527.38.

**WHEREFORE,** and for all of which AT&T respectfully request the following relief:

That it be awarded a judgment against defendant in the amount of $118,527.38, together with prejudgment interest and the cost of this action and that AT&T be awarded such further general relief as this court may deem appropriate.

Respectfully submitted,

Mark B Reagan # 017530
Attorney for Plaintiff AT&T
7872 HWY 100 Nashville, TN 37221.
T 615-544-0455
M 615-554-0642